# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Gary Redhorse John Begay** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR00070-001JB** |
| | USM Number: **59664-051** |
| | Defense Attorney: **John Robbenhaar, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 1111(a) | Second Degree Murder, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 12/17/2010 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 27, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 12, 2012**
Date Signed

Defendant: **Gary Redhorse John Begay**
Case Number: **1:11CR00070-001JB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **168 months**.

**Defendant Gary Redhorse John Begay, pursuant to a Plea Agreement, filed June 27, 2011 (Doc. 24), pled guilty to Count 1 of the Indictment, filed January 12, 2011 (Doc. 10), charging him with a violation of 18 U.S.C. §§ 1153, 1111(a), that being second-degree murder. The Plea Agreement stipulates to a sentence of 168-months imprisonment. See Plea Agreement ¶ 10, at 4. Pursuant to the Plea Agreement, Begay is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement ¶ 10, at 4.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Begay on August 26, 2011. In the PSR, the USPO calculates Begay`s total offense level to be 35. See PSR ¶ 42, at 10. The PSR applies a base offense level of 38 under U.S.S.G. § 2A1.2(a). See PSR ¶ 35, at 10. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Begay`s acceptance of responsibility. PSR ¶ 41, at 10. The PSR lists his criminal history category as II, based on 3 criminal history points. See PSR ¶ 46, at 11. The PSR calculates that an offense level of 35 and a criminal history category of II results in a guideline imprisonment range of 188 to 235 months. See PSR ¶ 75, at 16. On September 8, 2011, the USPO disclosed an Addendum to the PSR to provide some additional information regarding the harm to the victims in the case and Begay`s completion of a DWI treatment program. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Begay asks the Court for a 168-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 10, at 4. At the sentencing hearing on September 26, 2011, the parties agreed to the Court reducing Begay`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 35 and a criminal history category of II produces a guideline sentence of 188 to 235 months.**

**The Court notes that Begay shot the victim twice, resulting in his death. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Begay`s offense. The Court agrees with the parties that a sentence of 168 months is sufficient to reflect the seriousness of this offense. Begay does not have any substantial criminal history. He has some prior convictions related to a DWI incident in 2004. His criminal history category became a level II because some points were added to his criminal history calculation, as he absconded from supervision in January 13, 2010. See PSR ¶ 45, at 11 (recognizing that Begay "was placed on a term of supervision for 320 days in the Magistrate Court, in San Juan, New Mexico" and "absconded from supervision on January 13, 2010"). A sentence of fourteen-years imprisonment is a significant sentence in light of Begay`s criminal history. Like many cases that appear before the Court, the crime arose out of excessive alcohol use. Begay and the victim were close friends, and this crime has had an affect on many people. The victim`s family has expressed an interest in putting this case behind them as quickly as possible. It is significant to the Court that the victim`s family believes that this sentence is sufficient. While the Court does not believe the wishes of the victim or the victim`s family should control, the injured person`s thoughts certainly help the Court to weigh some of the 18 U.S.C. § 3553(a) factors, particularly what sentence will constitute a just punishment, will reflect the seriousness of the crime, and will promote respect for the law.**

**Furthermore, the United States has pointed to a significant weakness in its case if the case were to proceed to trial, specifically the difficulty of relying on its key witness who observed the crime, Jennifer Gonnie, to attend the trial. The United States has represented that it foresees difficulties in relying on her to establish its case, as she may not cooperate in attending trial. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. See United States v. Summers, 506 F.Supp.2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F.Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F.Supp.2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial). This variance -- 20 months -- is also not particularly large and reflects a realistic evaluation of the case reached by the parties.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 168 months is appropriate to reflect Begay`s criminal history and the**

seriousness of Begay`s crime. Conditions that the Court will require as part of supervised release will also provide Begay with some needed education, training, and care to prevent these problems from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Begay will be roughly forty-years old when he completes his sentence. This crime is a serious offense, and a 168-month sentence is a serious sentence. Consequently, the Court believes the sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence, both to Begay individually and to the public at large. Because Begay will have a lower risk of recidivism when he completes his sentence, the sentence provides just punishment and protects the public. Because the variance from the guideline range is relatively slight given the length of the advisory guideline range and the given sentence, because of the problem with the United States` key witness, and because of Begay`s lack of significant criminal history, the Court believes the sentence will not create unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Begay to 168-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court first recommends Phoenix Federal Correctional Institution, Phoenix, Arizona, and secondarily recommends Tucson Federal Correctional Institution, Tucson, Arizona, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/10) - Sheet 3 - Supervised Release                                                                                               Judgment - Page 4 of 6

Defendant: **Gary Redhorse John Begay**
Case Number: **1:11CR00070-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Gary Redhorse John Begay**
Case Number: **1:11CR00070-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs, weapons or any illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.**

**As to standard condition No. 5 shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers and is revised as follows: The Defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete a substance abuse treatment program as recommended by the treatment provider and as approved by the probation officer, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a mental health treatment program as recommended by the treatment provider and as approved by the probation officer, which may include outpatient counseling or prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

**The Defendant shall not have contact with the victim`s family without prior permission of the probation officer, unless the victim`s family initiates the contact.**

Defendant: **Gary Redhorse John Begay**
Case Number: **1:11CR00070-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $4,319.45 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or
B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act of 1996, it is further ordered that the Defendant shall make restitution to the New Mexico Crime Victims Reparation Commission in the amount of $1,819.45 to be sent to 8100 Mountain Road, N.E., Suite 106, Albuquerque, New Mexico 87110.**

**The Defendant shall also make restitution to the Navajo Nation in the amount of $2,500.00 to be sent to 638 Contract Administration Dept., P.O. Box 4590, Window Rock, Arizona 86515.**

**The Defendant shall pay no less than $50 per month or no less than 10% of his gross monthly income, whichever is greater. Payments shall be directed to the United States District Court Clerk for disbursement.**

**The Defendant shall not be required to pay the restitution until he is released from custody and no interest shall accrue while the Defendant is incarcerated.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.